*Appeal No. 15-15688*

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Karetha DODD,

                Plaintiff-Appellee,

v.

IGATE TECHNOLOGIES, INC., et al.,

                Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of California
Hon. Vince Chhabria
Case No. 3:15-cv-00431-VC

**IGATE Technologies, Inc.'s Urgent Motion to Stay the District Court's Order Granting Plaintiff's Motion to Remand**

Michael C. Hallerud, State Bar No. 68971
hallerud@nixonpeabody.com
Bonnie Glatzer, State Bar No. 147804
bglatzer@nixonpeabody.com
Alexandra Devendra, State Bar No. 278048
adevendra@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Tel: 415-984-8200
Fax: 415-984-8300

Attorneys for Defendant-Appellant
IGATE TECHNOLOGIES, INC.

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

PROCEDURAL HISTORY .................................................................................. 1

    A.    IGATE Properly Removed this Action Based on Diversity Jurisdiction, but the District Court Ordered Remand Based on a Misinterpretation of the Parties' Forum Selection Agreement ........................................ 1

    B.    IGATE Has Met the Requirements for a Stay Pending Appeal by First Requesting Relief in the District Court and Promptly Notifying Dodd's Counsel .................................................................................. 3

ARGUMENT ........................................................................................................ 4

    A.    IGATE's Merits Position Relies on Controlling Ninth Circuit Authority ............................................................................................... 5

        1.    The Remand Order Is Appealable Because it Results from the Exercise, Not the Absence, of Subject Matter Jurisdiction ....... 5

        2.    Controlling Ninth Circuit Authority Favors IGATE's Merits Position ............................................................................................ 6

            a.    Controlling Ninth Circuit Decisions ............................... 7

            b.    The District Court's Cited Authorities Are Distinguishable ................................................................ 8

            c.    The Plain Meaning of the Forum Selection Clause Specifies Jurisdiction in Federal or State Courts in Alameda County ........................................................... 10

    B.    IGATE Will Be Irreparably Injured Without a Stay ......................... 12

    C.    A Stay Will Not Substantially Harm Dodd ...................................... 13

    D.    The Public Interest Favors a Stay ..................................................... 14

CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Butler v. Ala. Judicial Inquiry Comm'n*,
  245 F.3d 1257 (11th Cir. 2001) ........................................................................... 14

*Doe 1 v. AOL LLC*,
  552 F.3d 1077 (9th Cir. 2009) ..................................................................... 7, 10, 11

*Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*,
  940 F.2d 550 (9th Cir. 1991) ................................................................................. 6

*Garza Aviation Services, LLC v. County of Yuma*,
  2011 WL 6012967 (D. Ariz. Dec. 2, 2011) ......................................................... 10

*Global Concierge Holdings v. Charbo*,
  2013 WL 6241589 (C.D. Cal. Dec. 3, 2013) ................................................. 10, 11

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*,
  512 F.3d 1112 (9th Cir. 2008) ............................................................................... 5

*Griggs v. Provident Consumer Discount Co.*,
  459 U.S. 56 (1982) ............................................................................................... 12

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ............................................................................................... 4

*Kamm v. ITEX Corp.*,
  568 F.3d 752 (9th Cir. 2009) ................................................................................. 6

*Natural Res. Def. Council, Inc. v. Winder*,
  502 F.3d 859 (9th Cir. 2007) ................................................................................. 5

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
  741 F.2d 273 (9th Cir. 1984) ............................................................................. 5, 6

*PQ Labs, Inc. v. Yang Qi*,
  2012 WL 2061527 (N.D. Cal. June 7, 2012) ..................................................... 8, 9

*Simonoff v. Expedia, Inc.*,
  643 F.3d 1202 (9th Cir. 2011) ....................................................................... 6, 7, 8

*Stone v. County of Lassen*,
  2013 WL 269085 (E.D. Cal. Jan. 23, 2013) .......................................................... 9

*United States v. Philip Morris Inc.*,
   314 F.3d 612 (D.C. Cir. 2003) .................................................................................13

**STATE CASES**

*People v. Bhakta*,
   135 Cal. App. 4th 631 (2006) ..................................................................................13

**FEDERAL STATUTES**

28 U.S.C.
   § 1291 ..............................................................................................................................6
   § 1030 ..............................................................................................................................2
   § 1332 ..............................................................................................................................5
   § 1332(a) .........................................................................................................................2
   § 1332(a)(3) ....................................................................................................................2
   § 1441 ..............................................................................................................................2
   § 1446 ..............................................................................................................................2
   § 1441(b) .........................................................................................................................2

**RULES**

N.D. Cal. Civ. Ct. R. 3-2(c) ................................................................................................8, 9

N.D. Cal. Civ. Ct. R. 3-2(h) ....................................................................................................9

Federal Rules of Appellate Procedure
   Rule 8(a) .........................................................................................................................1
   Rule 8(a)(1)(A) ..............................................................................................................3
   Rule 8(a)(2)(A)(ii) .........................................................................................................3
   Rule 8(a)(2)(C) ..............................................................................................................4

Ninth Circuit Rule 27-1 ...........................................................................................................4

## INTRODUCTION

Pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure, Defendant-Appellant IGATE Technologies, Inc. ("IGATE") urgently moves this Court for an order staying all proceedings, and particularly the district court's order remanding this action to state court, until disposition of IGATE's pending appeal. This motion is both urgent and necessary because the district court denied IGATE's request for a stay of the remand order pending appeal and the clerk of the district court—despite prior notice of the appeal of this matter—mailed certified copies of the remand order and docket entries to the state court from which the action was originally removed. Without a stay from this Court, the state court will presume and exercise jurisdiction over the action, irreparably harming IGATE and the public interests in comity and judicial economy. Plaintiff-Appellee Karetha Dodd will not be harmed by a stay.

## PROCEDURAL HISTORY

### A. IGATE Properly Removed this Action Based on Diversity Jurisdiction, but the District Court Ordered Remand Based on a Misinterpretation of the Parties' Forum Selection Agreement.

Dodd commenced this action in the Superior Court of the State of California in and for Alameda County on September 29, 2014, but never served her Complaint for Damages on any party. On January 15, 2015, Dodd filed her First Amended Complaint in Alameda County Superior Court. IGATE agreed to accept service of the First Amended Complaint by mail directed to IGATE's counsel,

1

which service was deemed complete by the parties on January 26, 2015. IGATE's co-defendant Mukund Srinath, who is a citizen and resident of the Republic of India, is separately represented and has never been served.

IGATE removed this action to the United States District Court for the Northern District of California on January 30, 2015, pursuant to 28 U.S.C. § 1441(b). (A true and correct copy of the Notice of Removal, without its exhibits, is attached hereto as **Exhibit A**.) The district court had original jurisdiction, based on the parties' diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(3). There is no dispute that removal was timely, that Dodd and IGATE are citizens of different states and that Srinath is a citizen of a foreign state, that the amount in controversy exceeds the threshold established by 28 U.S.C. § 1332(a), and that removal was procedurally correct in all other respects required by 28 U.S.C. §§ 1441 and 1446. In sum, there is no dispute that the district court had, and that IGATE timely and properly invoked, the original jurisdiction of the district court over this action.

IGATE timely answered the First Amended Complaint and interposed its Counterclaim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, based on Dodd's unauthorized access and deliberate destruction of IGATE computer files material to this litigation. Dodd has not yet answered IGATE's Counterclaim.

Dodd moved to remand this action to the Alameda County Superior Court on February 23, 2015. Dodd's motion was not based on lack of subject matter jurisdiction, but on a forum selection clause in the parties' written employment

contract that specified that "[j]urisdiction and venue is exclusively limited . . . to any court or arbitrator geographically located in Alameda County, California." Although IGATE's notice of removal advised the district court of the parties' forum selection clause, the district court assigned the case to its San Francisco Division rather than its Oakland (Alameda County) Division.

The district court issued a minute order on April 1 stating a tentative view that the forum selection clause is ambiguous. (A true and correct copy of the minute order is attached hereto as **Exhibit B**.) After an April 2 hearing and additional written argument from Dodd on April 6, the district court ordered remand of this action to the Alameda County Superior Court on April 8. (A true and correct copy of the remand order is attached hereto as **Exhibit C**.) The remand order was not based on lack of subject matter jurisdiction. Instead, the district court, exercising the subject matter jurisdiction conferred by IGATE's proper removal of the action, interpreted the forum selection clause as ambiguous and remanded on that ground.

## B. IGATE Has Met the Requirements for a Stay Pending Appeal by First Requesting Relief in the District Court and Promptly Notifying Dodd's Counsel.

IGATE has complied with Federal Rules of Appellate Procedure 8(a)(1)(A) and 8(a)(2)(A)(ii). At the April 2 hearing IGATE advised the district court that IGATE would appeal any remand order based on an interpretation of the parties' forum selection clause and not on a lack of subject matter jurisdiction, citing

3

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984). IGATE then requested that the district court stay any remand order to permit IGATE's appeal. The district court's April 8 order denied IGATE's request for a stay without explanation. (Ex. C at 3:21)

IGATE has complied with Rule 8(a)(2)(C) by providing the earliest practicable written notice of this motion to Dodd's counsel. The district court's order denying IGATE's request for a stay was entered at 2:39 p.m. on April 8 and IGATE filed its notice of appeal at 6:59 p.m. Despite prior notice of this appeal, the district court clerk gave notice at 8:36 a.m. on April 9 of mailing certified copies of the remand order and docket entries to the state court clerk. (Attached hereto as **Exhibit D** is a true and correct copy of the clerk's transmittal letter.) At 10:12 a.m. on April 9, IGATE notified Dodd's counsel via e-mail of its intent to file this motion and solicited opposing counsel's position on the motion, as required by Ninth Circuit Rule 27-1. Dodd's counsel responded via e-mail at 1:17 p.m. that he had not yet formulated a position on IGATE's motion for a stay pending appeal.

## ARGUMENT

The factors informing issuance of a stay are (1) whether the stay applicant has made a strong showing of likely success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). Importantly, the required degree of irreparable harm to the moving party decreases as the probability of success increases. *See Natural Res. Def. Council, Inc. v. Winder*, 502 F.3d 859, 862 (9th Cir. 2007).

Because all four factors weigh in IGATE's favor—especially IGATE's likelihood of success on the merits—the Court should grant IGATE's motion for a stay of all proceedings, and particularly the remand order, pending appeal.

## A. IGATE's Merits Position Relies on Controlling Ninth Circuit Authority.

### 1. The Remand Order Is Appealable Because it Results from the Exercise, Not the Absence, of Subject Matter Jurisdiction.

It is undisputed that the district court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Dodd argued, and the district court held, that remand was compelled by the forum selection clause's requirement to litigate in state court. Therefore, the district court's remand order is based not on its lack of subject matter jurisdiction, but rather on its interpretation, in the exercise of that subject matter jurisdiction, of the parties' forum selection agreement.

The district court's decision that the forum selection clause requires remand, if not reversed or set aside, is conclusive on IGATE and therefore must be reviewed. To hold otherwise would deprive IGATE of its right to appeal a substantive determination of contract law. *Pelleport Invests., Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 277 (1984).

5

Pelleport sued Budco in California state court and Budco removed based on diversity of citizenship. When Pelleport's motion to remand based on the parties' forum selection agreement was granted, Budco appealed. *Id.* at 275. This Court held that the remand order was appealable. *Id.* at 276. "The confusion appears to be generated by the label of remand. Once the fact of remand is separated from the reason for its issuance, however, it becomes clear that the district court did not merely remand this case to the state court; it reached a substantive decision on the merits apart from any jurisdictional decision." *Id.* This Court further held that the remand order was appealable as a collaterally final order under 28 U.S.C. § 1291, because the sole purpose of the remand is to surrender jurisdiction to the state court. *Id.* at 278. *Accord, Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009); *Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553–54 (9th Cir. 1991).

### 2. Controlling Ninth Circuit Authority Favors IGATE's Merits Position.

IGATE properly removed this action based on diversity jurisdiction and the parties' forum selection clause provides *as a matter of law* for jurisdiction in either federal or state court. In *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011), this Court held that a forum selection clause providing for exclusive jurisdiction and venue in the courts "in" a specific county provides venue in both state and federal courts located in that county. Because the forum selection clause

in this case is essentially indistinguishable from the clause in *Simonoff*, IGATE will likely succeed on the merits of its appeal.

### a. Controlling Ninth Circuit Decisions.

In *Doe 1 v. AOL LLC*, 552 F.3d at 1081–82 (9th Cir. 2009), this Court held that the plain meaning of a forum selection clause which provided that "exclusive jurisdiction . . . resides in the courts of Virginia," denoted courts deriving their authority from the State *of* Virginia, not the federal courts located *in* Virginia. The *Doe 1* court noted that the use of the preposition "of" rather than "in" was determinative, as "of" denotes "courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia." *Id.* at 1082.

Two years later in *Simonoff*, this Court held that a forum selection clause providing for "'exclusive jurisdiction and venue' in the courts 'in' a county" selects both state and federal courts located in that county. 643 F.3d at 1207. This Court reasoned that the phrase "'courts in' a state" denotes a geographic limitation, and would include any court within the physical boundaries of the state. *Id.* at 1206. A clause that uses the preposition "in" contemplates both state and federal courts for adjudication. *Id.* Further, "when a federal court sits in a particular county, the district court is undoubtedly 'in' that county." *Id.*

The forum selection clause in this action is legally indistinguishable from the *Simonoff* clause. In this action the forum selection clause provides that "[j]urisdiction and venue is [sic] exclusively limited . . . to any court or arbitrator

7

geographically located in Alameda County, California." Based on *Simonoff*, jurisdiction and venue is geographically limited to all courts in Alameda County, not just state courts geographically located in Alameda County. *Id.* at 1205. As in *Simonoff*, the Northern District of California has a courthouse in Alameda County, even though the Northern District "encompasses and has physical locations in several counties." *Id.* at 1206 n.2. There was simply no basis to conjure ambiguity in the parties' forum selection clause or disregard *Simonoff*.

### b. The District Court's Cited Authorities Are Distinguishable.

The district court, in holding that *Simonoff* does not apply, primarily relied on *PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527 (N.D. Cal. June 7, 2012). In *PQ Labs* the district court held that *Simonoff* did not apply because, although there is a federal court in Santa Clara County, "there is no federal court that sits only in Santa Clara County." *Id.* at *12. The court further clarified that under local court rules, "parties in intellectual property actions have no right to venue in a particular division." *Id.*

The district court's reliance on *PQ Labs* is misplaced. *PQ Labs* involved an intellectual property dispute, not the employment dispute in the present action. The Northern District's local rules exempt intellectual property actions from regular division assignment rules. N.D. Cal. Civ. Ct. R. 3-2(c). Under the Northern District's rules, intellectual property disputes may be assigned to any courthouse and may not be reassigned on the basis of intra-district venue. N.D. Cal. Gen.

Order No. 44(D)(3). Thus, the federal court could not meet the forum selection requirements of those parties' agreement, because the court could not assign the case to a particular division. *PQ Labs*, 2012 WL 2061527, at *12.

The instant action is not subject to special assignment rules. Under Local Rule 3-2(c), the clerk is to assign civil actions to the courthouse serving the county in which the action arises. N.D. Cal. Civ. Ct. R. 3-2(c); *see also* N.D. Cal. Gen. Order No.44(D)(1). A judge in the Northern District can transfer an action from one division to another within the Northern District if he or she finds that the action was not assigned to the proper division, or that the convenience of the parties or the interests of justice will be served by the transfer. N.D. Cal. Civ. Ct. R. 3-2(h). Unlike the dispute in *PQ Labs*, this matter can be and should have been transferred to another division within the district. Rather than order the transfer of this matter from the San Francisco Division to the Oakland Division, *as requested by IGATE at the April 2 hearing*, the district court held that the forum selection clause was ambiguous and ordered remand.

The other decisions the district court relied on are similarly distinguishable. In *Stone v. County of Lassen*, 2013 WL 269085, at *1 (E.D. Cal. Jan. 23, 2013), the forum selection clause denoted venue "in Lassen County." There is no federal courthouse within the geographic limits of Lassen County, even though Lassen County is part of the Eastern District's judicial district. *Id.* at *4. Whether *Stone*

was properly decided is immaterial, because the Oakland Division of the Northern District is physically situated in Alameda County.

*Garza Aviation Services, LLC v. County of Yuma*, 2011 WL 6012967 (D. Ariz. Dec. 2, 2011), is also distinguishable. In *Garza* the forum selection clause provided for venue "in Yuma County, Arizona," *Id.* at *4, but the District of Arizona's Yuma County facility housed only the U.S. Bankruptcy Court, the U.S. Magistrate, the U.S. Marshal's Service, and the District's Probation and Parole Office. *Id.* By contrast, the Northern District of California's Oakland Division is physically situated in Alameda County—as is the Chief Judge of the District.

### c. The Plain Meaning of the Forum Selection Clause Specifies Jurisdiction in Federal or State Courts in Alameda County.

The district court held the instant parties' forum selection clause is facially ambiguous. However, "[w]hen interpreting a contractual forum selection clause, a court must begin with the plain language of the document." *Global Concierge Holdings v. Charbo*, 2013 WL 6241589, at *5 (C.D. Cal. Dec. 3, 2013). A contract is not rendered ambiguous because the parties dispute the contract's meaning. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Whether a contract is ambiguous depends on whether "reasonable people could find its terms susceptible to more than one interpretation." *Id.* (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)).

The parties agreed that "[j]urisdiction and venue [are] exclusively limited ... to **any** court or arbitrator geographically located in Alameda County,

10

California." The district court held that "[t]he forum selection clause, on its face, is ambiguous about whether the parties contemplated litigation in the San Francisco Division of this district." (Ex. C at 1:23–24) The district court then conjured various hypothetical scenarios that the parties could have contemplated when forming their agreement to vest venue in "any court" located in Alameda County. (*Id.* at 1:24–2:12)

However, simply because the parties dispute the contract's meaning does not make it ambiguous. *Doe 1*, 552 F.3d at 1081. The district court's decision did not find that the term "any court" is reasonably susceptible to more than one meaning, which makes the clause unambiguous. *Id.* Hypothetical scenarios of what the parties might have contemplated when making their agreement do not matter, as the plain language of the contract is controlling. *Global Concierge Holdings v. Charbo*, 2013 WL 6241589, at *5. "Any court" means just that—*any* court, whether state, municipal, federal, or otherwise, that has jurisdiction of the parties and the subject matter. The only limiting language in the clause is that the court be geographically located in Alameda County. Moreover, the forum selection clause does not even require that a proceeding be brought in a court, let alone exclusively in the Alameda County Superior Court. If the parties had agreed to arbitrate their claims (they have not), the forum selection clause would operate to require that the arbitration be venued in Alameda County.

It is obvious that the forum selection clause only specifies proceedings in a forum exercising judicial or quasi-judicial authority within—but not necessarily derived from—the County of Alameda. If the parties intended that the forum be the Alameda County Superior Court exclusively, the forum selection clause would logically have so stated and would logically not have included the terms "arbitrator" or "any." The United States District Court for the Northern District of California obviously exercises judicial authority "in and for," and is "geographically located in," Alameda County, because the courthouse for the Oakland Division is located in Oakland, California, which is within Alameda County. The plain meaning of the contract therefore includes litigation in the Northern District of California.

For the foregoing reasons, IGATE is likely to succeed on its appeal. This Court has already held that a forum selection clause operationally congruent with the instant parties' agreement selects both state and federal courts. In addition, the cases the district court relied on are readily distinguishable and the instant parties' forum selection clause is not reasonably susceptible to more than one meaning.

## B. IGATE Will Be Irreparably Injured Without a Stay.

IGATE filed its notice of appeal within hours of receiving the district court's order. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Nonetheless, the district court clerk disregarded IGATE's notice of appeal and instead mailed certified copies of the remand order and docket entries to the state court clerk. Therefore, absent a stay, the Alameda County Superior Court will likely proceed with the case despite the pending appeal. *See People v. Bhakta*, 135 Cal. App. 4th 631, 636 (2006) ("[J]urisdiction returns to the state court when a remand order is filed and served on the state court, unless that order is stayed.").

Having to litigate this matter in state court while this appeal is pending will irreparably harm IGATE. Before the case was removed, the state court set a case management conference for April 28, 2015. Moreover, IGATE has already filed its first motion for partial summary judgment and will refile that motion in state court to protect its interests, absent the requested stay. If the state court presumes restoration of its jurisdiction over this action, it will undoubtedly open discovery and motion practice on both discovery and dispositive issues, although jurisdiction is exclusively in the federal courts.

### C. A Stay Will Not Substantially Harm Dodd.

The only conceivable harm to Dodd from a stay is that there will be a very brief delay while this Court resolves IGATE's appeal. But "[a] mere assertion of delay does not constitute substantial harm." *United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003).

### D. The Public Interest Favors a Stay.

Without a stay, the Alameda County Superior Court will presume authority over this action, harming not only IGATE but the public at large because of the waste of scarce judicial resources. When this Court reverses the remand order, the state court's efforts will have been for naught because this case should proceed in federal court.

Additionally, the public interest in promoting judicial economy and avoiding the unnecessary expenditure of judicial resources is particularly strong here because of the federalism interests at stake. There is a "longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001). Yet, if this Court decides that the district court erred in granting Dodd's motion to remand, the actions taken by the state court in the interim will be nullities. A stay would thus advance the public interest by preventing unnecessary federal interference with state courts. Accordingly, the public interest factor weighs strongly in favor of a stay that would avoid bouncing this case between state and federal courts multiple times and reduce unnecessary friction in our federal system.

## CONCLUSION

As demonstrated above, there is a strong likelihood that this Court will reverse the district court's remand order and hold that the parties' forum selection clause unambiguously allows for removal. The balance of harms weighs in IGATE's favor because the state court will likely proceed with this case due to the district court clerk's mailing the remand order and docket entries to the state court clerk, despite IGATE's notice of appeal. In contrast, any inconvenience to Dodd from a stay is nonexistent or *de minimis*. Finally, the public interests at stake—preserving IGATE's statutory and contractual rights to a federal forum, maximizing judicial economy, and avoiding conflicts between federal and state courts—weigh strongly in favor of a stay.

Accordingly, IGATE respectfully requests that this Court grant its urgent motion to stay all proceedings, and particularly the district court's remand order, pending this Court's resolution of IGATE's appeal.

Dated: April 9, 2015

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ Michael C. Hallerud

Michael C. Hallerud
Bonnie Glatzer
Alexandra Devendra
Attorneys for Defendant-Appellant
IGATE TECHNOLOGIES, INC.