# Exhibit A

MICHAEL C. HALLERUD, State Bar No. 68971
hallerud@nixonpeabody.com
BONNIE GLATZER, State Bar No. 147804
bglatzer@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Defendant
IGATE TECHNOLOGIES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARETHA DODD,<br><br>                    Plaintiff,<br><br>        v.<br><br>IGATE TECHNOLOGIES, INC., a Pennsylvania corporation; MUKUND SRINATH, an individual; and DOES 1 through 200,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a)(3) and 1441(b)** |

TO: CLERK OF COURT, PLAINTIFF KARETHA DODD, and DEFENDANT MUKUND SRINATH

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(b), Defendant IGATE Technologies, Inc. ("IGATE") hereby removes the above-styled action from the Superior Court of the State of California in and for Alameda County to the United States District Court for the Northern District of California. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(3).

Pursuant to 28 U.S.C. § 1446(a), IGATE hereby states in support of its Notice of Removal:

1.      On September 29, 2014, Plaintiff Karetha Dodd ("Dodd") commenced this civil action against IGATE by filing a Complaint for Damages ("Complaint") in the Superior Court of the State

of California in and for Alameda County entitled, *Karetha Dodd v. IGATE Technologies, Inc., et al.*, Case No. RG 14742587 ("State Court Action"). On January 15, 2015, Dodd filed her First Amended Complaint for Damages ("FAC"). True and correct copies of the Complaint, FAC, and all other papers filed in the State Court Action are attached hereto as Exhibit A.

3. The Complaint in the State Court Action was never served on IGATE. Service of the FAC was pursuant to an agreement between Dodd's and IGATE's counsel of record to waive personal service upon IGATE and to deem mailing of the FAC by First Class United States Mail to IGATE's counsel to be service upon IGATE as of January 26, 2015. This Notice is filed within 30 days of service and receipt of the FAC, as required by 28 U.S.C. § 1446(b) for removal.

4. IGATE has not filed or served any papers in the State Court Action. Defendant Mukund Srinath ("Srinath") has not been served with process or pleadings, has not appeared, and has not filed or served any papers or pleadings in the State Court Action.

5. Dodd is, and was at the time the State Court Action was commenced, a citizen and resident of the State of California. [Complaint ¶ 1; FAC ¶¶ 4, 31-32; Declaration of Suresh Nair ¶ 6 (attached hereto as Exhibit B) ("Nair Decl."); Declaration of Michael C. Hallerud ¶¶ 2-3 & Exs. 1-2 (attached hereto as Exhibit C) ("Hallerud Decl.")]

6. IGATE is, and was at the time the State Court Action was commenced, a corporation organized under the laws of the State of Pennsylvania. [Complaint, caption; FAC, caption; Nair Decl. ¶ 2] IGATE's corporate headquarters and principal place of business are in the Township of Bridgewater in the State of New Jersey. IGATE's principal executive officers maintain their offices in Bridgewater, New Jersey and direct, control, and coordinate IGATE's business from that location. Those executive officers stationed in Bridgewater, New Jersey include the president and chief executive officer; the senior vice presidents responsible for legal affairs (Americas, Europe, Australia, and Asia), manufacturing (North America), and specific North American customer and industry sectors (General Electric Company, insurance, healthcare, and life sciences); the vice president for human resources (Americas); and the controller (North America). [Nair Decl. ¶¶ 3-4]

6.1 Because Bridgewater, New Jersey is IGATE's principal place of business pursuant to the "nerve center" test established by the United States Supreme Court in *Hertz Corp. v.*

*Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), IGATE therefore is, and was at the time the State Court Action was commenced, a citizen of the States of Pennsylvania and New Jersey.

      6.2    IGATE is not, and was not at the time the State Court Action was commenced, a citizen of the State of California.

    7.    Srinath is, and was at the time the State Court Action was commenced, a citizen and resident of the Republic of India. [Complaint ¶ 3; FAC ¶ 3]

    8.    Dodd's Complaint for Damages prays for general and special damages ("lost wages, emotional distress, costs of mitigation, and other damages"), punitive and exemplary damages, and attorneys' fees as authorized by the California Fair Employment and Housing Act, Gov. Code § 12965. Dodd values her lost compensation, including salary, bonuses, benefits, and stock options, at approximately $300,000 annually. [Complaint ¶¶ 7, 48, 52 & p. 17; FAC ¶¶ 9, 50, 54 & pp. 17-18] Dodd's resignation from IGATE, which she alleges was a constructive termination [Complaint ¶ 9; FAC ¶ 11], was effective August 1, 2013. Dodd, at her suggestion and request, was thereafter engaged as a consultant to IGATE through January 31, 2014. Dodd has thus been without employment or mitigation income from IGATE from on and after February 1, 2014, a period of one year. Dodd's claim for an award of damages for her lost compensation is therefore presently approximately $300,000, based on Dodd's valuation of her lost compensation and her allegations of actionable wrongs. Dodd additionally seeks recovery of punitive and exemplary damages and attorneys' fees. The value of each of the foregoing items is to be included in the amount in controversy in the State Court Action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977) (value of injunctive relief considered in determining amount in controversy); *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) (compensatory damages considered in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees authorized by statute included in the amount in controversy). Therefore, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as required for removal. 28 U.S.C. §§ 1332(a), 1446(c)(2).

    9.    Because service of the State Court Action has not yet been effected upon Srinath, and because removal is not made solely under 28 U.S.C. § 1446(b)(2)(A), Srinath's consent to this

-3-

removal is not required. 28 U.S.C. § 1446(b)(2)(A).

10. IGATE will promptly serve a copy of this Notice of Removal upon Dodd, furnish a copy to Srinath, and file a copy of this Notice of Removal with the Superior Court of the State of California in and for Alameda County, in compliance with 28 U.S.C. § 1446(d).

11. At least one wrongful act alleged by Dodd to have occurred within the State of California is alleged to have occurred in Alameda County. Dodd's IGATE place of employment was in Fremont, Alameda County, California at the time of her alleged constructive discharge. [Complaint ¶¶ 2, 30; FAC ¶¶ 4, 32] Dodd currently resides, and did reside at the time of her alleged constructive discharge, in San Jose, Santa Clara County, California. [Complaint ¶ 1; FAC ¶¶ 4, 31-32; Declaration of Suresh Nair ¶ 6 (attached hereto as Exhibit B) ("Nair Decl."); Declaration of Michael C. Hallerud ¶¶ 2-3 & Exs. 1-2 (attached hereto as Exhibit C) ("Hallerud Decl.")] Dodd and IGATE also agreed in their employment contract to jurisdiction and venue in any court or before any arbitrator geographically located in Alameda County. [Nair Decl. ¶ 7 & Ex. 1] The State Court Action is filed in the Superior Court of California in and for Alameda County, California. IGATE has continuously from the time of Dodd's alleged constructive discharge to the present conducted business in Alameda County, California. [Nair Decl. ¶¶ 5-6] Accordingly, removal of the State Court Action to the Northern District of California is required by 28 U.S.C. § 1446(a) and post-removal venue is correct in the Northern District of California. 28 U.S.C. §§ 1391(a)(1), (b)(2)-(3), (c)-(d).

///

///

WHEREFORE, Defendant IGATE Technologies, Inc. respectfully removes Plaintiff Karetha Dodd's State Court Action to the United States District Court for the Northern District of California from the Superior Court of the State of California in and for Alameda County, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

DATED: January 30, 2015

NIXON PEABODY LLP

By: /s/ Michael C. Hallerud
Michael C. Hallerud
Bonnie Glatzer
Attorneys for Defendant
IGATE TECHNOLOGIES, INC.

4835-9152-4896.6