# Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARETHA DODD,<br><br>    Plaintiff,<br><br>    v.<br><br>IGATE TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-00431-VC<br><br>**ORDER REMANDING CASE AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 11, 12 |

Dodd's motion to remand is granted.

If a forum selection clause is ambiguous, the ambiguity must be resolved against the drafter. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987). It is undisputed that iGATE drafted the forum selection clause, so any ambiguity must be resolved in Dodd's favor.

The pertinent language of the clause is as follows:

> Jurisdiction and venue is exclusively limited in any proceeding by the Company or Employee to enforce their rights hereunder to any court or arbitrator geographically located in Alameda County, California.

Pursuant to this Court's intra-district assignment rules, this case was assigned to the San Francisco Division after iGATE removed it to federal court from Alameda County Superior Court. Local Civil Rule 3-2(d). The forum selection clause, on its face, is ambiguous about whether the parties contemplated litigation in the San Francisco Division of this district. On the one hand, it could be argued that: (i) the parties' use of the phrase "any court" is inconsistent with a desire to avoid federal court; (ii) the jurisdictional reach of this district includes Alameda County and there is a federal courthouse in Oakland; (iii) the parties therefore contemplated that litigation could take

place in this federal district rather than merely in Alameda County state court; and (iv) because this district's rules for intra-district assignment specify that any lawsuit filed in or removed to the Oakland Division of this Court may be assigned to the San Francisco Division, the parties contemplated the possibility that a case could end up in federal court in San Francisco. On the other hand, it could be argued that: (i) the parties' use of the phrase "geographically located" reflected an intent that any case be actually litigated in the physical confines of Alameda County, which is where iGATE is located; (ii) the parties understood that if a case was filed in or removed to the Oakland Division of this Court, it would likely end up in San Francisco given the operation of the Court's intra-district assignment system; and (iii) therefore, because they did not want to litigate outside of iGATE's home county, the language "court or arbitrator geographically located in Alameda County" reflects an intent to preclude litigation in the U.S. District Court for the Northern District of California. The forum selection clause does not, on its face, contain a clear statement that would compel one of these interpretations while ruling out the other.

Language that's ambiguous on its face could be made clear by case law interpreting similar language. But the case law does not clear up the ambiguity of this provision. If anything, the case law cuts in favor of Dodd's argument that the parties did not intend to be in this Court. iGATE relies primarily on *Simonoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011), but that case doesn't answer the precise question presented here. In *Simonoff*, the Ninth Circuit considered a forum selection clause in which the parties consented "to the exclusive jurisdiction and venue of courts in King County, Washington." *Id.* at 1205. The Ninth Circuit interpreted that clause to mean that the parties consented to litigation in either federal or state court in King County. *Id.* at 1205-06. But in a footnote, the Court stated as follows:

> Simonoff claims that the Western District of Washington is not truly "in" King County because it encompasses and has physical locations in several counties. However, the present action was removed to the Seattle Division of the Western District of Washington, which has its only courthouse in King County. This case unquestionably was removed to a court "in" King County, Washington.

*Id*. at 1206 n.2. Subsequently, Judge Wilken of this Court highlighted the import of the *Simonoff* footnote by dismissing a case quite similar to this one. She explained:

2

> In *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011), the court interpreted the phrase, "in the court in King County," to refer to both federal as well as state courts located in King County because, when a federal court sits in a particular county, the district court is undoubtedly "in" that county. The court explained that the preposition, "in," denoted geographic limitation; thus, the phrase, "courts in" a particular state, includes any court within the physical boundaries of the state, which would include both state and federal courts located in that state. *Id*.
>
> *Simonoff* does not apply here because, for this intellectual property case, there is no federal court that sits only in Santa Clara County. The Northern District of California has three divisions, but parties in intellectual property actions have no right to venue in a particular division. *See* Local Civil Rule 3–2(a) (actions in the excepted categories, including intellectual property, shall be assigned on a district-wide basis). This case is an example of the inter-district assignment of actions; Plaintiff filed it in the San Jose division, which is located in Santa Clara County, but it was assigned to the Oakland division of the Court, which is located in Alameda County. Therefore, even though Plaintiff filed this action in the San Jose division, it has not been able to keep it there. Thus, there is no federal court that can meet the forum selection requirements of the Confidentiality Agreement.

*PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527, at *12 (N.D. Cal. June 7, 2012). *See also, Stone v. County of Lassen*, 2013 WL 269085, at *4 (E.D. Cal. Jan. 23, 2013); *Garza Aviation Servs., LLC v. County of Yuma*, 2011 WL 6012967, at *4 (D. Ariz. Dec. 2, 2011).

Because the forum selection clause is facially ambiguous about whether the parties were willing to litigate in the U.S. District Court for the Northern District of California, because the case law does not clear up the ambiguity (with the case most directly on point actually cutting against iGATE's proposed construction), and because the ambiguity must be resolved in Dodd's favor, the case is remanded. iGATE's motion for partial summary judgment is denied as moot, and iGATE's request to stay this remand order pending appeal is denied.

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
VINCE CHHABRIA
United States District Judge